UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EMPLOYERS REINSURANCE                                            PLAINTIFFS
CORPORATION, et al.

v.                                                CIVIL ACTION NO. 3:05CV556-S

MUTUAL INSURANCE                                                 DEFENDANTS
COMPANY, LTD., et al.

### MEMORANDUM OPINION

In this case we have been asked to resolve a coverage dispute between the Plaintiffs, Employers Reinsurance Corporation and Employers Reinsurance International, Ltd. (collectively "Employers") and the Defendants, Mutual Insurance Company, Ltd. ("Mutual") and Belo Kentucky, Inc. d/b/a WHAS-TV ("WHAS"). The dispute arises from a lawsuit against WHAS by Kentucky Kingdom for defamatory statements made by WHAS following a roller coaster crash. A verdict was ultimately rendered against WHAS. Afterwards, Employers brought this suit asking this court to (1) declare Employers had no coverage and no duty to defend WHAS, and (2) order WHAS to reimburse Employers for the costs it expended in defending WHAS in the underlying defamation action.

The matters before us involve two motions to dismiss filed by WHAS. In its first motion, WHAS asserts that our jurisdiction has been invoked on the basis of the Declaratory Judgment Act, and that because jurisdiction under that statute is discretionary, we must decline to exercise it when, as in this case, the policy dispute is interrelated with an underlying tort action pending in state court against the insured. In its second motion, WHAS argues that because an insurer's duty to defend is separate from its duty to indemnify, Employers cannot recover its defense costs even if we find no coverage.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief. *See Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

For the reasons set forth herein we deny WHAS' motions to dismiss.

### BACKGROUND

In 1994, five passengers were injured at Kentucky Kingdom, an amusement park in Louisville, Kentucky, when a roller coaster ride called the "Starchaser" malfunctioned. WHAS broadcast various reports in 1994 and 1996 regarding the crash. In response, Kentucky Kingdom filed a lawsuit in Jefferson Circuit Court alleging certain statements made by WHAS in its broadcasts were defamatory. At that time, WHAS was insured by Mutual. In 1996, Kentucky Kingdom amended its complaint to include certain statements made by WHAS in its 1996 broadcasts. WHAS, however, was covered under a policy issued by Employers at this time. The defamation action proceeded to trial in 1998, and a verdict was ultimately entered against WHAS for the 1994 and 1996 broadcasts "taken as a whole." This verdict became final after WHAS's petition for rehearing with the Kentucky Supreme Court was denied earlier this year. *See Kentucky Kingdom Amusement Co. v. Belo Kentucky Inc.,* 179 S.W.3d 785 (Ky. 2005), *rehearing denied* (Jan. 19, 2006).

Both Mutual and Employers paid for the costs in defending and appealing the defamation action. However, because the defamatory broadcasts traversed two different coverage periods involving two different insurance companies, and because the jury returned a verdict for the broadcasts "taken as a whole," Employers and Mutual were left unsure of their respective obligations. Employers filed this action to have us resolve the coverage dispute between it, Mutual, and WHAS. We discuss each motion made by WHAS separately below.

## ANALYSIS

### I. Motion to Dismiss

A court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary, and the Sixth Circuit has cautioned us not to accept jurisdiction in certain instances, such as when an interrelated tort action is pending in state court. *See* 28 U.S.C. § 2201; *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990) . The *Grand Trunk* factors guide our discretion, and under those factors we must consider:

1. Whether the declaratory action would settle the controversy;

2. Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

3. Whether the declaratory remedy is being use merely for the purpose of "procedural fending" or "to provide an arena for a race for res judicata";

4. Whether the use of a declaratory action would increase the friction between federal and state courts and improperly encroach upon state jurisdiction; and

5. Whether there is an alternate remedy which is better or more effective.

*Grand Trunk W. R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). We examine each of these in turn.

#### *1. Whether the judgment would settle the controversy.*

WHAS argues that because Employers failed to name Kentucky Kingdom as a defendant in this suit, the controversy will not be settled upon any judgment we render. According to WHAS, Kentucky Kingdom could still institute a third-party recovery action in state court against Employers and Mutual. WHAS cites *Bituminous Casualty Corp. v. J. & L Lumber Co.*, 373 F.3d 807 (6th Cir. 2004), in support of its argument. *Bituminous Casualty* involved an insurance coverage dispute in which the insurer sought a declaration of non-coverage from the federal court, while an underlying tort action was pending in state court. In determining whether the federal

court had properly exercised jurisdiction, the Sixth Circuit considered the *Grand Trunk* factors and stated that "a declaration of insurance coverage would not resolve the controversy", because the plaintiff in the underlying state tort action "was not made a party to the declaratory judgment action." *Id.* at 814. According to the Sixth Circuit, "any judgment in the federal court would not be binding as to him and could not be res judicata in the tort action. Regardless of the judgment rendered in the declaratory judgment action, Shields [the claimant] would be entitled to pursue third-party recovery" against the insurer "in Kentucky state court if he were successful in his tort action." *Id.*

WHAS, however, misapplies this case. In *Bituminous Casualty* the coverage issue hinged on the claimant's employment status. The Sixth Circuit was merely reasoning that because of the lack of identity amongst the parties, the federal court's decision regarding employment status would not be binding in the underlying state tort action, where the issue of employment status was also being decided for purposes of liability. And, when the Sixth Circuit stated that the claimant in the underlying tort action could later initiate suit to recover any judgment, it must have assumed that the insured would assign its right of indemnification to the claimant, since Kentucky requires an assignment of rights for a claimant to recover directly against the insurer. *See Manchester Ins. & Indemnity Co. v. Grundy*, 531 S.W.2d 493, 498 (Ky. 1973) (stating that "since there is no privity of contract between the claimant and the insurer…[t]he claimant can only look to the insured for satisfaction of the judgment unless the insured makes an assignment to the claimant…."*); see also Ford v. Ratliff*, 183 S.W.3d 199 (Ky. App. 2006) (citing *Cuppy v. Gen'l Acc. Fire & Life Assur. Corp.*, 378 S.W.2d 629, 632 (Ky. 1964). Moreover, a claimant would have no greater rights under a policy than those which were assigned to it by the insured. *See Progressive N. Ins. Co. v. Corder*, 15 S.W.3d 381, 390-91 (Ky. 2000). Should WHAS later assign its rights to Kentucky Kingdom, Kentucky Kingdom would be bound by this court's

decision regarding coverage. Therefore, any declaratory judgment we render would settle the controversy over coverage.

*2. Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue.*

A declaratory judgment would clarify the legal relationship between Employers, Mutual, and WHAS. The relationship between Kentucky Kingdom and Employers or Mutual is irrelevant for purposes of determining coverage, since the policies at issue are between Employers and WHAS, and Mutual and WHAS. As explained above, Kentucky Kingdom could only recover under WHAS' policies if we find that Employers and/or Mutual have a duty to indemnify WHAS for its defamatory broadcasts, *and* WHAS assigns its rights of indemnification to Kentucky Kingdom.

*3. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata."*

There has been no evidence presented that Employers brought this action in "a race for *res judicata*." The underlying state court tort action has been resolved, and both Employers and Mutual have paid for WHAS' defense costs. WHAS' arguments that this suit is an attempt to head off Kentucky Kingdom's efforts to collect on the state court judgment or to beat WHAS from filing its own declaratory action in state court are strained. Employers filed this action in 2005, eleven years after Kentucky Kingdom first filed its tort action and nine years after Kentucky Kingdom amended its complaint in that suit. WHAS could have filed an action seeking declaration of coverage anytime after being sued by Kentucky Kingdom. Its failure to do so does not indicate an improper motive on the part of Employers.

*4. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.*

The declaratory action will neither create friction between our federal and state courts nor improperly encroach upon state jurisdiction, because the underlying state tort action has already been concluded.

5. *Whether there is an alternative remedy which is better or more effective.*

Although there exists an alternative remedy in state court through Kentucky's own procedure for seeking a declaration of rights, Ky. Rev. Stat. § 418.040, that forum has not been show to be better or more effective than this forum.

Since we find all the *Grand Trunk* factors to weigh in favor of exercising jurisdiction, we will entertain Employer's suit for declaratory judgment. As such, it is not necessary for us to address Employer's "bootstrapping" argument that we must accept jurisdiction because of its dependent claim for reimbursement.

## II. Motion to Dismiss Claim for Reimbursement

Under Kentucky law the duties to defend and indemnify are "separate and distinct". *James Graham Brown Found. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991). Thus, when an insurer defends its insured under a reservation of rights, it usually cannot recoup its defense costs, even if coverage is ultimately found not to exist. However, in *United Nat. Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914 (6th Cir. 2002), the Sixth Circuit found that in situations where the parties have expressly agreed through a reservation of rights that the insurer has the right to recoup its defense costs if coverage is later found not to exist, courts will sanction reimbursement and enforce the parties' agreement. *See id*. at 919.

WHAS attempts to distinguish *SST Fitness* by arguing that the Sixth Circuit was applying Ohio substantive law in that case and by presenting two Kentucky cases, *Aetna Casualty,* 179 S.W.3d 830 (Ky. 2005) and *James Graham Brown Foundation*, 814 S.W.2d 273 (Ky. 1991), in

which the Kentucky Supreme Court examined an insurer's duty to defend. However, contrary to WHAS' assertion that Kentucky does not permit a reservation of rights with regard to defense costs, neither *Aetna* nor *James Graham Brown Foundation* addressed this issue directly or indirectly. And, we have not been able to find any Kentucky case that discusses this issue. Furthermore, although WHAS is correct in stating *SST Fitness* applies Ohio law, the Sixth Circuit in that case had examined the laws of several jurisdictions before pronouncing that under certain situations an insurer is entitled to reimbursement of its defense costs.

Here, both Employers and Mutual contend that in their respective reservations of rights they sent to WHAS, they expressly reserved the right to recoup defense costs if it were later determined that no coverage existed under their respective policies. Although the parties have failed to produce the reservations of rights, WHAS does not dispute Employers' and Mutual's contentions. Thus, we must take as fact that such express reservations exist, and that by acquiescing to the defense provided by Employers and Mutual, WHAS assented to the reservations. If we ultimately find no coverage under the policies between Employers and WHAS and/or Mutual and WHAS, we will address the issue of reimbursement of defense costs.

Finally, in its Response to this motion Employers asserts we must accept jurisdiction of this case, because by filing its motion to dismiss the reimbursement claim WHAS challenged the merits of the action and thereby submitted itself to our jurisdiction. Although we question Employer's argument, we decline to address the issue since we have already decided to accept jurisdiction under the *Grand Trunk* factors.

A separate order will be entered in accordance with the opinion.