UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EMPLOYERS REINSURANCE CORPORATION, et al                                PLAINTIFFS

v.                                                                                          CIVIL ACTION NO. 3:05CV-556-S

MUTUAL INSURANCE COMPANY, LTD, et al                                    DEFENDANTS

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant, Belo Kentucky, Inc., doing business as WHAS-TV ("WHAS-TV"), has moved the court to alter or amend the memorandum opinion entered herein on September 25, 2006, in which this court declined to dismiss the insurers' claims against WHAS-TV for reimbursement of defense costs incurred in defending WHAS-TV in an underlying defamation action.

The court declined to dismiss the claims, finding that Kentucky law did not preclude such claims, and that in incurring defense costs, both Employers and Mutual had specifically reserved the right to recoup such costs if it is later determined that no coverage exists under the policies in question.

The court has reviewed its ruling and applicable law and finds that the ruling was not in error.

No Kentucky case holds that an insurer may not reserve its rights to recoup defense costs if no coverage exists. The court has never been furnished with copies of the reservations of rights, and thus assumes that the scope of the reservations was as described in the briefs. No party has taken issue with the contention that such reservations were issued, and that they encompassed a right to recoup defense costs in the event no coverage is afforded under the policies in question.

It is clear that under most indemnity policies the obligation to defend and the obligation to indemnify are separable, with the former being broader than the latter. *James Graham Brown*

- 2 -

*Foundation v. St. Paul Fire & Marine Insurance Co.*, 814 S.W.2d 273 (Ky. 1991). Under such policies, an obligation to defend arises if any allegation in the complaint against the insured potentially, possibly, or might come within the coverage terms of the insurance policy. *Id.* at 279. The duty to indemnify under the policy, in contrast, is constrained by the language of the insuring agreement itself.

In *Brown Foundation*, the court stated that the determination of whether a defense is required must be made at the outset of the litigation, but that the duty to defend is not unlimited. It continues only to the point of establishing that the liability upon which the plaintiff relies is not in fact covered by the policy. *Id.*

An insurer confronted with a claim against its insured which it believes is not covered by the insuring agreement may defend the claim anyway, while reserving its rights to subsequently challenge coverage at a later date. Another option is to decline to defend. As noted in *Aetna Casualty & Surety Co. v. Commonwealth*, 179 S.W.3d 830 (Ky. 2006), an insurer who declines to defend may be liable for all damages naturally flowing from such a decision, including the costs of defense incurred by the insured, if it is later determined that coverage exists.

Moreover, it is clear from *Aetna* that where the claims against the insured are potentially within the coverage of the insuring agreement, a duty to defend exists even if the ultimate duty to indemnify does not exist. Under such circumstance, an insurer declining to defend may be liable for the defense costs even if it is not liable in indemnity under the insuring agreement. *Aetna,* 179 S.W.3d at 841.

In this case, neither insured declined to defend, but apparently paid WHAS-TV's defense costs, reserving rights to recoup such payment in the event no coverage was found. WHAS-TV could have declined to agree to the reservations of rights, but it apparently did not do so. Its complaint now that the reservations are inappropriate is thus inconsistent with its prior acquiescence.

This court may ultimately decide whether the insuring agreements provide coverage for WHAS-TV for the underlying defamation claims. The court may also be requested to determine whether or not the claims against WHAS-TV "potentially, possibly, or might" have come within the coverage of the policies in question, even if the policies do not ultimately insure the underlying claims. Under such circumstance, the defense costs could potentially not be recoverable by the insurers even if their liability under the policies is absent.

The court would also note that the policies at issue in this case apparently contain language which is different than many liability policies, because WHAS-TV seemingly retained a self-insured primary exposure. The court has been advised in briefs filed by Employers and Mutual that the policies in question do not obligate the insurers to defend, but rather obligate WHAS-TV, as the insured, to defend itself. Such provisions could alter the general duty of an insurer to defend claims arguably within the coverage of the insuring agreement. While this is yet to be determined, the information provided as to the language in the subject policies reinforces the court's belief that dismissal of the insurers' claims for reimbursement at this time would be unwarranted legally, and perhaps factually.

The motion to alter or amend is accordingly **DENIED**.

**IT IS SO ORDERED** this

cc:  Counsel of Record