UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EMPLOYERS REINSURANCE                                           PLAINTIFFS
CORPORATION, et al.


v.                                         CIVIL ACTION NO. 3:05-CV-556-S


MUTUAL INSURANCE                                                DEFENDANTS
COMPANY, LTD., et al.


## MEMORANDUM OPINION

This matter comes before the court upon the motion of the plaintiffs, Employers Reinsurance

Corporation and Employers Reinsurance International Limited (collectively "Employers"), for a

judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings

under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings.

*Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). In

considering such a motion, the court accepts all well pleaded material allegations of the nonmoving

party as true. *Galaxie Corp. v. Bank of America*, 1998 WL 681221, No. 97-1759 (6th Cir. Sept. 15,

1998). The motion is granted when no material issue of fact exists and the party making the motion

is entitled to judgment as a matter of law. *Paskvan*, 946 F.2d at 1235.

### BACKGROUND

In 1994, five passengers were injured at Kentucky Kingdom, an amusement park in

Louisville, Kentucky, when a roller coaster ride called the "Starchaser" malfunctioned. The

defendant, Belo Kentucky, Inc. d/b/a WHAS-TV (hereinafter "WHAS"), broadcast various reports

in 1994 regarding the crash. Kentucky Kingdom brought suit against WHAS alleging these

broadcasts were defamatory.

During the time period including the 1994 broadcasts and Kentucky Kingdom's initial action,

WHAS maintained insurance coverage with the defendant, Mutual Insurance Company ("Mutual").

In 1995, however, WHAS, through its parent company, The Providence Journal, changed carriers and obtained its liability insurance through Employers. That policy had an effective period commencing on April 13, 1996, and ending on April 1, 1997.

In May 1996, WHAS aired a second series of Starchaser reports, and in response, Kentucky Kingdom amended its complaint, claiming that WHAS had made additional defamatory statements in its 1996 broadcasts.

The defamation action proceeded to trial in 1998, and a verdict was ultimately entered against WHAS for the 1994 and 1996 broadcasts "taken as a whole." Both Mutual and Employers paid for the costs in defending and appealing the defamation action. However, because the defamatory broadcasts traversed two different coverage periods involving two different insurance companies, and because the jury returned a verdict for the broadcasts "taken as a whole," Employers and Mutual were left unsure of their respective obligations. Moreover, Employers contends that because it did not receive notice of the 1996 claims until after judgment was rendered in the defamation action, it has no obligation to provide coverage for the judgment rendered against WHAS. Among other relief, Employers seeks a declaratory judgment to this effect.

## ANALYSIS

In *Jones v. Bituminous Casualty Corp.*, 821 S.W.2d 798 (Ky. 1991), the Kentucky Supreme Court held that an insured's failure to promptly notify his insurer of claims against him does not automatically allow that insurer to deny coverage. *Id.* Instead, the insurer must first show that it was prejudiced by its insured's actions. *Id.* at 801. The court recognized that actual prejudice need not be found, but instead only a reasonably probability that the insurance carrier suffered a substantial prejudice. *Id* at 803.

Employers argues that the decision in *Jones* was based in equity, where the court took special consideration of the fact that the insured was a consumer unlikely to be conversant with the find print of his policy. Employers asserts that is not the case here and urges us to disregard *Jones*.

- 2 -

Instead, Employers, noting that Kentucky is bereft of case law addressing whether notification following an adverse judgment constitutes prejudice, directs the court to *Prince George's County v. Local Gov't Ins. Trust*, 879 A.2d 81 (Md. 2005), which holds that a primary insurer is prejudiced as a matter of law when the insured notifies the insurer after a judgment based upon the reasoning that "the insured has presented the insurer with a *fait accompli* by delaying notice until after the judgment. The delay vitiates the purpose of the contractual notice requirement, as the insurer cannot exercise any of its rights to investigate, defend, control, or settle the suit. Accordingly, courts have held that the insurer is prejudiced as a matter of law." *Prince George's County*, 879 A.2d at 98 (citing *Allstate Ins. Co. v. Occidental Int'l Inc.,* 140 F.3d 1, 5-6 (1st Cir. 1998) (holding under Puerto Rican law that the insurer was prejudiced as a matter of law when it received notice after the judgment because the insurer was deprived of the ability to investigate, locate witnesses, appoint counsel, negotiate a settlement, and develop a trial strategy); *Navigazione Alta Italia v. Columbia Cas. Co.*, 256 F.2d 26, 29 (5th Cir. 1958) (affirming the dismissal of the suit by the insured against the insurer because the insured "depriv[ed] the insurer . . . of all opportunity to defend against the claim, and thus completely abrogat[ed] its contract, the insured presents it with a *fait accompli* in the form of a final and satisfied judgment"); *Champion v. S. Gen. Ins. Co.*, 401 S.E.2d 36, 38-39 (Ga. Ct. App. 1990) (holding that the insurer showed prejudice when it established that it received no notice until after a default judgment because it was denied all opportunity to engage in discovery, conduct a defense at trial, and negotiate a settlement); *Lusalon, Inc. v. Hartford Accident & Indem. Co.*, 498 N.E.2d 595 (Mass. App. Ct. 1986) (holding that failure of an insured to notify the insurer until after judgment was prejudicial as a matter of law); *Hooper v. Zurich Am. Ins. Co.*, 552 N.W.2d 31, 36-37 (Minn. Ct. App. 1996) (holding as a matter of law that the insurer was prejudiced when the insured failed to notify it before an adverse judgment in one suit and a settlement in another); *Neckerman v. Progressive Ins. Agency*, 659 N.E.2d 843, 844 (1995) (holding that the insurer was prejudiced as a matter of law because it was never notified of the lawsuit); *Metal Bank of Am., Inc.*

*v. Ins. Co. of N. Am.*, 520 A.2d 493, 498 (Pa. Super. Ct. 1987) (holding as a matter of law that insurers were prejudiced when the insured notified the insurers of the suit after settlement because the insurers were present with a *fait accompli* and were denied an opportunity to gain early control of the proceedings and to investigate); *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170 (Tex. 1995) (holding that the failure to notify an insurer of a judgment prejudiced the insurer as a matter of law because the insurer could not defend the insured and minimize liability); *Northwest Prosthetic & Orthotic Clinic, Inc. v. Centennial Ins. Co.,* 997 P.2d 972, 973 (Wash. Ct. App. 2000) (holding that summary judgment was appropriate when the insured failed to notify the insurer before the insured settled because the insurer did not have a meaningful opportunity to investigate); *Gerrard Realty Corp. v. Am. States Ins. Co.*, 277 N.W.2d 863, 871 (Wis. 1979) (holding as a matter of law that the insurer was prejudiced by not receiving notice until after trial because the insurer was denied the opportunity to investigate, defend or settle); *cf. Colonial Gas Energy System v. Unigard Mut. Ins. Co.*, 441 F.Supp. 765, 770-71 (N.D. Cal. 1977) (holding that the insurer was prejudiced as a matter of law when the insured notified it of a loss from the repair of a leaking gas tank because the insured precluded any investigation by the insurer when it resealed the tank). *But see Halsey v. Fireman's Fund Ins. Co.*, 681 P.2d 168, 170 (1984) (holding that "[a]n insurer is not prejudiced as a matter of law just because it receives notice after a claim has been settled or tried")) (state reporter citations omitted).

In Response, WHAS asserts that *Prince George's County* is fundamentally at odds with *Jones*. According to WHAS, "[w]hile ostensibly adopting a rule that insurers must show prejudice caused by a delay in notice, the court in *Prince George's County* did not require the insurer to make any kind of showing of prejudice. Particularly in light of the Kentucky Supreme Court's discussion of *Richards* involving notice only after judgment has been entered against the insured, the Kentucky Supreme Court in *Jones* could have adopted the rule that prejudice could be presumed in some situations (such as where notice is given after judgment), but it chose not to do so." We disagree,

- 4 -

noting that although *Jones*, quoting the dissent in *Shipley v. Kentucky Farm Bureau Ins.*, 747 S.W.2d 596 (Ky. 1988), states that in *Richards*, "the liability carrier did not receive notice until after judgment was entered against the insured which denied the insurance company any opportunity to defend," this court's reading of *Richards* reveals that *Richards* involved notice *prior to* judgment. *Richards Ins. Co. v. Richards*, 577 S.W.2d 417, 418 (Ky. 1978) (finding that "there was no attempt to comply with the notice provisions of the policy until August 31, 1971, when the Kentucky School Board Association was notified some 13 months after suit was filed in United States District Court. The trial court then granted summary judgment in favor of Reserve").

Moreover, the rule in *Prince George's County* is not fundamentally at odds with *Jones*. In *Jones*, the court noted that it "view[ed] the question of prejudice in terms of whether it is reasonably probable that the insurance carrier suffered substantial prejudice from the delay in notice. If the evidence on this issue is in conflict, or if reasonably minds could differ as to what the evidence provides in this regard, the issue is one for the trier of fact. [However,] [t]he issue is ripe for summary judgment only where the proof is conclusive . . . on this subject." *Jones*, 821 S.W.2d at 803. *Prince George's County* merely holds that when the evidence demonstrates that the insured fails to provide his insurer with notice of a claim until after judgment has been rendered, it is conclusively established the insurer suffered prejudice.

While this court declines to fashion a blanket rule that anytime an insured fails to notify his insurer of claims asserted against him until after a judgment has been rendered the insurer is prejudiced as a matter of law, we are compelled to apply the reasoning of *Prince George's County* and the line of cases it follows to the facts of the case at hand. However, an issue of material fact prevents us from doing so.  While WHAS admits in its Answer that Employers received notice of the amended complaint "no later than March 13, 1998," WHAS also indicates that it did not have knowledge or information to form a belief as to when Employers first learned of the amended complaint. It appears that WHAS is arguing that given that Employers had actual knowledge of the

- 5 -

initial defamation action prior to issuing its policy to WHAS, Employers may have learned of the amended complaint relating to the 1996 broadcasts before receiving any direct notice from WHAS.

The court agrees with Employers that the rule pronounced in *Jones* is one of equity. By requiring the insurer to show substantial prejudice, the rule prevents the insurer from gaining a windfall and merely requires it "to take the risk it was paid to take rather than escape liability for coverage otherwise provided." *Jones*, 821 S.W.2d at 803. However, "what constitutes prejudice to an insurer depends upon the circumstances of the occurrence, and the nature of the risk covered, as well as the purposes of the notice provision. Accordingly, in determining whether insurers have been prejudiced by a delay in giving notice, the court must consider the extent to which the purpose of the provision has been defeated, or to which the insurance company has been placed in a substantially less favorable position than it would have been had timely notice been provided. . . . The primary underlying purpose of a notice requirement is to allow the insurer to assess and control the risk, and the failure of the insured to provide notice severely undercuts this purpose." 13 Couch on Ins. § 193:68. Thus, an insurer who prior to judgment knew of claims against its insured may have had the opportunity to assess and control the risk. If it is established that Employers knew of the amended complaint prior to judgment, prejudice is not conclusive as a matter of law.

As such, a judgment on the pleadings is not appropriate. Employer's Motion will be denied and a separate order will be entered in accordance with this opinion.