UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EMPLOYERS REINSURANCE
CORPORATION, et al.

PLAINTIFFS

v.

CIVIL ACTION NO. 3:05-CV-556-S

MUTUAL INSURANCE
COMPANY, LTD., et al.

DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court upon the motion of the defendant, Mutual Insurance Company Limited ("Mutual"), for partial summary judgment. A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153-61, S. Ct. 1598, 1606-10, 16 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## BACKGROUND

In 1994, five passengers were injured at Kentucky Kingdom, an amusement park in Louisville, Kentucky, when a roller coaster ride called the "Starchaser" malfunctioned. The defendant, Belo Kentucky, Inc. d/b/a WHAS-TV (hereinafter "WHAS"), broadcast various reports in 1994 regarding the crash. Kentucky Kingdom brought suit against WHAS alleging these broadcasts were defamatory.

Mutual issued an indemnity policy to The Providence Journal, WHAS' parent company, including coverage for WHAS, for the period April 13, 1994 through April 13, 1995. WHAS renewed its coverage with Mutual for the period April 13, 1995 through April 13, 1996. The 1994 broadcasts and Kentucky Kingdom's initial action fall within Mutual's coverage period.

In 1995, WHAS, through The Providence Journal, changed carriers and obtained its liability insurance through the plaintiffs, Employers Reinsurance Corporation and Employers Reinsurance International Limited (collectively "Employers"). That policy had an effective period commencing on April 13, 1996, and ending on April 1, 1997.

In May 1996, WHAS aired a second series of Starchaser reports, and in response, Kentucky Kingdom amended its complaint, claiming that WHAS had made additional defamatory statements in its 1996 broadcasts.

The defamation action proceeded to trial in 1998, and a verdict was ultimately entered against WHAS. However, because the defamatory broadcasts traversed two different coverage periods involving two different insurance companies, and because the jury's verdict for damaged reputation and punitive damages was for the broadcasts "taken as a whole," Employers and Mutual were left unsure of their respective obligations. Mutual, however, argues that it is not responsible for the $375,000 in compensatory damages that the jury awarded with respect to the 1996 broadcasts, which led to claims first made after the Mutual coverage expired and that involved

defamatory statements broadcast while Employer's coverage was in effect. It asks the court for partial summary judgment on this issue.

## ANALYSIS

### I. The "Deemer" Clause

Kentucky insurance law requires that "[t]he clear and unambiguous words of an insurance contract should be given their plain and ordinary meaning." *York v. Kentucky Farm Bureau Mutual Ins. Co.*, 156 S.W.3d 291, 293 (Ky. 2005). However, any ambiguity contained within an insurance policy is to be construed in favor of the insured. *Wolford v. Wolford*, 662 S.W.2d 835, 838 (Ky. 1984) (holding that if there are two reasonable interpretations of an insurance policy provision, the court must construe the policy language in favor of the insured); *see also MGA Ins. Co. v. Glass*, 131 S.W.3d 775, 777-78 (Ky. Ct. .App. 2004) (finding it "well-settled" that an insurance policy is to be liberally construed and any doubts as to coverage are to be resolved in favor of the insured).

WHAS asserts that the "deemer" clause in the Mutual policy unambiguously brings WHAS' liability for the 1996 broadcasts within Mutual's coverage, or is at least susceptible of two different, yet reasonable, interpretations. Under this clause, "all utterances or disseminations of Material, including acts relating to gathering such Material, published or distributed one or more times during a Policy Period or Periods relating to the same subject, person(s) or organization(s) or classes or persons or organizations and any repetitions thereof, shall be deemed to be one Event as of the date of the first publication of such Material."

According to WHAS, this clause is one "by which utterances or disseminations of material related to prior utterances and disseminations about the same subject, person or organization are deemed by contract to be a single event occurring as of the date of the first dissemination of the material." It argues that "Mutual cannot realistically dispute that the 1996 broadcasts related to the same subject, person or organization as the 1994 broadcasts; all concerned and referenced the Starchaser accident on July 30, 1994 and the comments on its possible causes. Indeed, the 1996

broadcasts expressly referenced the 1994 broadcasts, with WHAS repeatedly stating in the 1996 broadcasts that it was 'standing by' the statements made in the 1994 broadcasts."

WHAS incorrectly interprets the relevant contract language. The plain language of the "deemer" clause states that "all utterances or disseminations of Material . . . published or distributed one or more times *during a Policy Period or Period*s relating to the same subject . . . shall be deemed to be one Event as of the date of the first publication of such Material." In other words, the language clearly provides coverage only for repetitions of defamatory statements that occur within the policy period. Even if we were to find that the 1996 broadcasts related to the 1994 broadcasts for purposes of insurance coverage, the 1996 broadcasts clearly did not occur during the applicable policy period.

II. Doctrine of Reasonable Expectations

WHAS also argues that "Mutual's motion should be denied for additional reasons that it is fundamentally at odds with Kentucky's doctrine of reasonable expectations." Under that doctrine, an insured is entitled to coverage it might reasonably expect the coverage to provide. *Woodson v. Manhattan Life Ins. Co.*, 743 S.W.2d 835 (Ky. 1987). However, courts have only applied this doctrine if it found the policy ambiguous. *See, e.g., Meyers v. Kentucky Medical Ins. Co.*, 982 S.W.2d 203, 209 (Ky. App. 1998); *Consolidated American Ins. Co. v. Anderson*, 964 S.W.2d 811, 815 (Ky. App. 1998). As explained above, the Mutual policy terms are clear and unambiguous. It unequivocally states that coverage is for claims made within the policy period that arise from acts that occurred within the policy period.

Yet, even if we were to assume that the reasonable expectations doctrine applied, WHAS could not have reasonably expected infinite coverage. In Kentucky, "the proper area of inquiry is what [the insured] could reasonably expect in light of what they actually paid for, not what they personally expected or whether those expectations could be ascertained." *Meyers*, 982 S.W.2d at 209. Under WHAS' interpretation of the policy, it could conceivably air another story related to the

1994 Kentucky Kingdom accident today, and Mutual's policy would provide coverage for any claim arising from that broadcast, thirteen years after WHAS paid its last premium to Mutual. Mutual's policy, a claims made policy that limits coverage to claims made within the policy period for acts that occur during the policy period, does not provide for such coverage.

As such, Mutual is entitled to summary judgment. It will not be liable for the $375,000 in compensatory damages awarded against WHAS for the 1996 broadcasts. A separate order in accordance with this opinion will be issued.